Good morning. Good morning, Your Honors. Eric Schiffer on behalf of the appellant Saeed Adeli. Your Honors, may I please reserve three minutes of my time for rebuttal? Keep an eye out. I'll try to help you. I will, Your Honor. Thank you very much. Your Honor, Mr. Adeli is here today requesting that this Court consider reversing the District Court's entry of judgment in this case because it was premised upon a mischaracterization of a settlement and a release of claims in a bankruptcy proceedings and applied that settlement and release as though it was a sale, thereby imposing a Section 363 analysis which resulted in a finding of mootness following a motion to dismiss that appeal. We believe the District Court erred because it wrongly assumed without any analysis that a Section 363 analysis was appropriate in light of this settlement agreement that was objected to. And if we look at the excerpts of record at page 11, the District Court's order simply says 363 applies here and cites to the Mickey Thompson case as support. Do you have authority, counsel, that it was error to apply a 363 analysis to settlement of estate claims? Your Honor, the Ninth Circuit, to my knowledge, has not specifically ruled upon the issue of whether or not a 363 analysis and a Rule 9019 analysis have to be brought at the same time. The closest we've seen is the BAP opinion in Mickey Thompson. And while it's certainly persuasive, as we know, it's not binding. But even in the BAP opinion, which both cases cite to, that case said that those two analyses can overlap, but they're not required to both be brought at the same time. In page 16 of Appellee's brief, they took the position that the court must apply to both in this scenario, and we believe that is incorrect. If we look at the Mickey Thompson case, the point of the case is to apply 363 when there is evidence that there's a purchase of a claim for an amount higher than a settlement that is desired to be brought, number one. And number two, when there's no evidence that any claims are being released. That was a specific circumstance of Mickey Thompson. And in those instances, the BAP said, you know, a 9019 analysis isn't quite enough here because really we need to do a sale analysis under 363. And it imposed, it took the position that both can apply. However, that case did not provide any real guidance for distinguishing when a 363 sale requirement should be imposed and when it should not. It just said that lower courts should consider whether the settlement should be brought or not, and be likely to draw higher claims. And what we have in this case, Your Honor, is essentially the gravamen of this settlement is a release of claims. How do you purchase a release of claims? And specifically, we have the First Citizens Bank release of their claims. How do you purchase those? The only thing that was for sale in this settlement agreement was the sale of the chosen action involving the avoidance claim. Everything else was nothing more than a mutual release of claims. So at a minimum, the district court could have carved out that avoidance claim as a separate sale, done a 363 analysis there, but reserved the 9019 analysis for the bulk of this, which is merely a mutual release of claims. So if I understand your answer correctly, there's no authority that supports the notion that 363 can't apply to this sort of situation? Well, there's no authority that it can't apply. I would say there's also no authority that it must apply. The best we've seen is that it may apply at the same time. And as we've seen, as I mentioned in the Mickey Thompson case. So are there any good policy reasons why it shouldn't apply in a situation like this? Well, yes, Your Honor. The point of a 9019 analysis is to offer fairness and an equity showing that the additional funds and to try to find more money by overbids and to provide finality to those overbids. And typically that applies to third parties, to give them some solace that if they're going to make an overbid, that that will be final and that if there's an appeal, unless there's been a stay, that overbid will be permitted to go through. If we impose a sale requirement on every single settlement claim because we can, because of belt and to allow anyone who thinks they've been wronged by the settlement agreement to challenge, number one, because oftentimes the obligation to stay that order proves too daunting. Why would the obligation to stay that order prove too daunting? Sometimes they can't afford to bond it. And it imposes a layer of review on the district courts that we believe are not warranted. For example, in this case, the sale component of the settlement agreement is really just a tail wagging the really a release of mutual claims. This is the bank releasing several of its claims. This is the debtor releasing its claims. That's what's going on here. If you look at the excerpts of record at 144 to 145, it shows the actual settlement agreement. And, in fact, it's called settlement agreement including general releases and sale of assets. And sale of assets is pluralized, but as noted, paragraph 3.6 is the only asset that's referenced, and that's the avoidance action. Paragraphs 3.1 to 3.5, which can be found at page 144 of the record, all talk about withdrawals and dismissals of claims. How can you overbid those? How can you overbid the bank releasing its claim? You really can't. And yet everything was tied into the 363 analysis, leading the district court to find that because there was no stay raised that the entire appeal was moot. We believe that that is not the law. Let me segue into that slightly different aspect. You've indicated that there's no authority that 363 can't be used. In this case, though, you did not seek a stay. Why is that? Correct, Your Honor. We did not seek a stay simply because we didn't believe the stay was needed. The analysis was done under 9019. In fact, while not directly relevant to the case, the tentative order by the bankruptcy judge didn't even reference 363. The final order did reference 363. Our position was it wasn't one from which you would have sought a stay, right? Correct. Correct, from the bankruptcy order. And were you familiar with the concept that if you don't have a stay, you run a risk of mootness? Yes, Your Honor, when 363 applies to the situation. The bankruptcy judge in the final order did reference 363. Correct. So by your analysis, you knew that if you didn't have a stay, mootness might apply if 363, in fact, does apply, right? Correct, Your Honor. So this is not a big surprise. What you're here for is to try to get us to say that 363 doesn't apply. Correct, Your Honor. Okay, all right. And there is some precedent for that. If we look, as I noted, the Ninth Circuit doesn't have any case that says that directly. But there is a precedent from the First Circuit. The Health Code case that we cited in our brief says that a settlement and a sale are different things, are to be treated differently. You don't automatically impose a 363 analysis into a 9019 analysis. I think we have your point that there's nothing requiring that 363 be used, but I think you also have indicated that there's nothing to stop the use of 363, right? Correct, Your Honor. But that goes to whether or not the district court properly applied the appropriate law in this case. We believe that the court did not. And you look no further than the record when there's, in theory, bereft of any reason why 363 would be applied. But if I understand your argument correctly, you're really focusing on policy reasons. You're saying this is a mutual release. How can anybody overbid this? There's no policy reason to use 363. But you're not citing any case that says you can't use 363 in this situation. Correct. And as I've said, Your Honor, it could have been separated out. It could have been a 363 analysis only to the actual thing that was a sale subject to overbid, and then a 9019 analysis as to what were really mutual releases of settlement. Just get back one more time. Sure. If we find that 363 was properly applied here, you agree that it's moot? If 363 was properly applied, it's not automatically moot. In this case, you agree it's moot. No, because then we go to the good faith analysis, which we believe the district court also got wrong. And I can certainly move to that argument if you'd like. If there's a finding that it was not in good faith, the 363 analysis does not serve to moot the underlying. There would have been no good faith analysis had there not been a 363 utilization here, right? That's where it comes from. The district court did, in fact, do a good faith analysis because that would be an exception to the mootness. So the district court said, because I'm finding good faith, I'm therefore finding the mootness applies. So we believe that finding of good faith was not supported by the record and constituted an abuse of discretion by the district court. If 363 applies, you're saying that it doesn't help on the mootness because good faith was not shown. In this case, yes, Your Honor. And that requirement is still required to be shown, but it's imposing a layer of added difficulty on these kinds of cases when we believe it's not necessary and not appropriate. And as I mentioned in the Health Code case, the reason that the First Circuit found that there was no requirement to have the 363 and the 9019 together is because the 363 adds no value to the settlement. The sale and the settlement are two different things. The point of a 363 is to encourage higher bidders and to protect finality, and that's not necessary when you're having mutual use of claims. Why was there no good faith in this transaction? Well, several reasons, Your Honor. First of all, looking at the findings of the trustee. The trustee obviously is required to act in good faith, has an obligation to act in the best interest of the estate. Here, the trustee found that the claims against the bank were appropriately waived for nuisance value, and we believe that was improper because those claims had already survived motions to dismiss. You're talking about whether there was value underneath. I'm asking, where's the fraud? Where's the collusion? Where is the failure to have arm's length negotiations? Well, I think we look no further than this appeal. First of all, the trustee and the appellee are one and the same in this case. To say that there's separation in objectivity as to what the appellee is doing, I think, is under stress. Is that what we're talking about, the arm's length transactions here? I mean, the fact that they're both appealing, that doesn't do anything. Correct. Well, then let's look at the transactions. You're right, Your Honor. The trustee made judgments. He glossed everything under a code of, this is my business judgment, so as to try to get it all under that umbrella. But was there really business judgment, and were these really good faith negotiations? Again, I would like you to focus on the concept of good faith in terms of whether there's fraud with collusion, et cetera. I understand you don't agree with the business determinations, the business judgment, but that's not bad faith for purposes of 363, is it? Well, it's not good faith if there were not arm's length negotiations. Okay, well, let's get to that then. Okay, so the trustee only looked at the appraisal provided by the bank, did not consider Mr. Adeli's appraisal. And the reason was that, well, there was no declaration from the appraiser authenticating it. Well, there's nothing in the record showing he sought to reach out to the appraiser. If we're presenting an appraisal that's $70 million more than the appraisal that's being presented by the bank, perhaps it's incumbent upon the trustee to actually look into that appraisal and see if there's anything to it before simply. I believe that shows a lack of an arm's length negotiation here when he's just blindly accepting the bank's appraisal. How do you get to that? Well, to have a good faith negotiation with the bank, you have to have a clear idea of the value of the assets that you're deciding on. Okay, you realize upon an appraiser, so is there a legal duty? I believe so. For him to reach out and say, look, let me examine the bona fides of your appraisal. He didn't even consider Mr. Adeli's appraisal. In fact, his declaration only considers the bank's appraisal, as though Mr. Adeli's appraisal didn't even exist. If he's truly an objective trustee looking out for the best interest of the estate, how do you not investigate an $8 million variance in appraisals and you just take the appraisal given to you on blind faith? I believe that demonstrates a lack of arm's length negotiations. And that leads directly to the value of FCB's counterclaims because they're claiming a $7 million deficiency. Well, if the appraisal is as high as we believed it was, that would get rid of that deficiency entirely, and it would make the need to resolve that claim moot because there would be no deficiency. Likewise, the trustee looked at the administrative claim that the bank was assessing in the amount of $2 million and said, well, it's not clear as to what that's really worth, but we'll just go with it. I mean, that's not good faith. That's not arm's length negotiation. That's just accepting what they say blindly and moving on. Would you save any of your time? Oh, yes, Your Honor. I would reserve the remainder of my time. Okay. Thank you, Your Honor. Are you all going to share time over there? And if so, how? Yes. Good morning, Your Honor. Barrett Marum for First Citizens. I'll be taking ten minutes to address the various mootness issues with respect to 363M and the good faith finding. The trustee's counsel will be reserving five minutes to address that issue. Okay. I'd like to start by pointing out that this is one transaction. This was a sale and a settlement of claims. It was a sale of causes of action against a third party, Mr. Emil Shakoey, that my client, First Citizens Bank and Trust Company, purchased. Not only did First Citizens purchase those claims, First Citizens has pursued those claims to a summary judgment in front of the United States Bankruptcy Court for the Northern District of California. So to suggest that the sale aspects of this transaction were the tail wagging the dog is simply incorrect. This was a settlement and a sale combined, and so under Mickey Thompson and the other cases that have addressed this issue, it was perfectly appropriate for the district court and also for the bankruptcy court to apply both 363 and Rule 90-19 to this transaction. This is not the health code case from the First Circuit, which was simply a settlement transaction. This isn't even, quite frankly, the Mickey Thompson case because the Mickey Thompson case did not involve, as we have here, a sale of claims against a third party in that case. It was simply a sale of the claims that were also being settled. So I don't think the court needs to even reach the question of whether 363 can apply to what looks like a settlement because here we have a sale and a settlement. I also think that it's important for the court to realize that you can't take this transaction and separate it out and say, I'm going to apply 363 to the portion of the transaction that dealt with the sale of these claims against a third party, and then I'm going to apply Rule 90-19 to the settlement portion of the transaction and not apply both rules to the transaction as a whole. It was one deal that involved the sale of these claims and the settlement, and you can't parse it out and turn it into two transactions when, in fact, it was not two transactions. Even if the court were to decide that 363 does not apply, and I think the district court got it 100% right, but even if the court were to decide that 363 does not apply, this case is also constitutionally moot because my client has taken substantial actions following the sale of these claims against Mr. Shakoey. As I mentioned before, we've pursued those claims to judgment. We've paid the settlement sum to the trustee. The trustee has dispersed the settlement proceeds to a certain extent to priority unsecured creditors who, as the court may be aware, are paid first in bankruptcy proceedings when there's no secured creditors. That money is gone. The lawsuit that Mr. Adaly brought against my client was dismissed several years ago with prejudice, with prejudice. So all of those actions have happened, and unwinding those is not something that is a feasible solution. So even if the court were to conclude that 363 does not apply and 363M does not apply, this case is also constitutionally moot. And that, to some degree, gets back, I gather, to my question to your counterpart, that since they didn't seek a stay, they really lost any opportunity to claim that it was, in effect, constitutionally still viable, right? That's absolutely right, Your Honor. One final comment about the jurisdiction of this court. If for some reason the court is prepared to conclude 363 does not apply and that it's not constitutionally moot, I think under those circumstances, and I think, like I said before, all of those do apply and it is moot, but under those circumstances, I don't think the court here can reach the merits. I don't think the court has the jurisdiction to reach the underlying merits of the sale order because the district court needs to reach that appeal first. And the district court also has to have an opportunity. We did not submit all of the evidence that we had of constitutional mootness here because this appeal was briefed so long ago. The district court should have the first opportunity to consider the certain additional actions that have happened since this appeal was briefed. And by way of example, for instance, the litigation claims against Mr. Shakoey were appealed. We ended up settling those causes of action with Mr. Shakoey. The related state court litigation has all been dismissed. None of those things are in the record before this court because of how long ago this appeal was briefed, but the district court should have the first opportunity to consider those. There's a lot of new facts that would have to be taken into account, and we can't do it. Correct, Your Honor. Can I ask you if an opinion is necessary, however we come out? You both have distinguished Mickey Thompson. There is no direct Ninth Circuit opinion. Is this fact-bound or is this something that requires clarification for future cases? Your Honor, I think this is bound up in the facts of this particular case because we don't have the pure settlement transaction or what looked a lot more like a pure settlement transaction that Mickey Thompson involved and that led the First Circuit and Health Co. to conclude that 363 did not apply. Here we really have a sale and a settlement all wrapped up into one, and so I don't think the court is called upon to answer the question of does 363 always apply to settlement transactions. Could we answer it with respect to the sale portion? So since you've indicated there were choses of action, in this case claims against Mr. Adeli, I think, that were pursued, you have judgments and so on, that's clearly a sale. Would it be helpful to have an opinion if, I'm not sure you can answer this, because if it went the other way you wouldn't like that. But do you think that portion of the law needs to be clarified by our case law? Your Honor, I think the fact that it was a sale, it's quite clear already under existing case law that 363 applies to the sale aspects of the transaction. If the court is inclined to issue an opinion, I think it would provide helpful guidance to practitioners, but I don't think... Just because this is a hybrid situation? Correct, Your Honor. Okay. I did not have anything further on my section. Colleagues have any other questions? No. I think we're all set, so we're ready for your counterpart here. And you represent the trustee, right? Yes. Good morning, Your Honor. Yes, Lisa Torres. I represent the Chapter 7 trustee, Christopher Barkley. In this case, a co-LPELI. And I'm here to address the good-faith issue. The lower court's determination that First Citizens was a good-faith purchaser was amply supported by the record, and there's no clear error with regard to that factual finding. The record shows that the trustee, and it was proffered with his declaration, filed with a sale motion. He met with both counsel for the debtor and the trustee, solicited purchase offers or settlement offers from both parties, and investigated each party's respective litigation positions. Well, counsel specifically addressed the arm's-length aspect of good-faith and said that the appraisals weren't fairly considered. How do you respond to that point? Your Honor, the appraisal that the appellant relies on had been tendered to the bankruptcy court in connection with a relief-from-stay matter, and we reviewed the relief-from-stay pleadings. The bankruptcy court excluded that appraisal on a number of grounds. One, the appraisal was not an appraisal by a MAI appraiser. There was no foundation for the appraisal. It was an appraisal intended to obtain financing, not a real property valuation. And given that the bankruptcy court, prior to the trustee's appointment, had already rejected that appraisal as credible evidence, we did not give that appraisal the weight that the appellant argues we should have. Apples and oranges situation from the trustee's perspective. Exactly, Your Honor. In addition, we had a sale price. This property, following relief-from-stay, the bank was able then to hire a real estate broker. The broker marketed the property. They obtained seven offers, and the property ultimately sold for $11.5 million, which was still significantly less than the takeout price that the debtor needed to obtain in order to take the bank out under the terms of their settlement agreement. So based on all of that analysis, the trustee determined that it was fairly unlikely the debtor would be able to establish proximate cause damages at the time of trial. And for that reason, we felt that the likelihood of prevailing on the merits for the 1919 analysis was very uncertain. But in terms of value, the trustee determined, based on his business judgment, that the claims had a value, a nuisance value, of between $50,000 to $100,000. Again, in the trustee's declaration, he weighed the unknowns and the risks of litigation, and that's how he arrived at the valuation of the assets. In addition, for me, one of the strongest arguments for lack of collusion was the bid procedures that the trustee proffered with his motion. And the trustee's declaration states that his bid procedures were intended to maximize the value of the assets. But the bid procedures specifically put no limitations on the kind of offer that any party could make. And there was no requirement in the bid procedures that the appellant or any other party match the bank's bid. The bank's bid did include release of claims, but other parties who had potential claims, Mr. the appellant had a significant claim he asserted against the estate. His bid could have included a release of claims. He simply chose not to tender a bid. But the fact is that our bid procedures provided that the debtor or any party could proffer any kind of bid, and we had a duty to present it to the court. So the trustee was not the ultimate decision maker in terms of which bids would be considered by the court. We intended to present every bid. I think that fact weighs heavily against the collusion argument. Does the court have any other questions on the good faith issue? I don't think so. I think then we're prepared to submit. Very good. Thank you both. Thank you for the argument. So, counsel, you have some rebuttal time. Thank you, Your Honor. Your Honor, a couple of quick points as to your notation as to whether or not this case requires clarification. I think it absolutely does. I think this issue of whether or not analyses under both 363 and 9019 require some guidance by this court. The Mickey Thompson case is not purely a settlement case. The Mickey Thompson case started as a settlement. A third party objected to the settlement, offered to make a purchase above the amount of the settlement, and that was why the court said or the BAP said, well, you should have then made it a 363  That was very limited to those facts, and it says specifically that it may apply in some circumstances. It offers no real guidance to practitioners as to when a 363 analysis is required and when it's not, and I think this court would definitely be helping bankruptcy practitioners to have some sense of when 363 has to be required, as opposed to may be included. As to the constitutional mootness issue that was raised, actions have not happened. The appellee took actions after the district court issued its order. This appeal has been pending. They've known it's been pending. They can't. I think it's sort of not genuine to claim that, gee, we've done all these things, when they knew this case was on appeal, that we'd raised these arguments, that we disagreed with the fundamental premise of the district court's order, and then to say, well, we've already gone so far to do these things. They didn't have to do those things. How can you put Humpty Dumpty back together again in this case? Well, I don't agree that it's Humpty Dumpty. I think the only issue here is the resolution of the claims involving the avoidance, which was the sale, and, frankly, there's no reason this can't be parsed out between the sale and the settlement. As to the claims, cases can be reinstated. This was an adversary proceeding before the bankruptcy court. Yes, it's been dismissed. It can certainly be revived. These are all the same parties. These are the same. It's only the same creditors and the same debtors involved. I thought you agreed that if 363 applies, since you didn't file a stay, except for the good faith exception you raised, that it was moot. It would be moot if there was no finding of good faith, which we believe there was. Oh, yeah, but stay for a minute. Stipulate for a moment. If we find there's good faith, you're done, right? On that analysis, yes, Your Honor. However, under 9019, I believe that we did show that there's not fairness in equity, which I believe is the proper analysis here, and we believe that the case should go forward on those grounds, and for those reasons we request that this court reverse the district court's judgment, reinstate the case, and if nothing else, allow the district court to make the determination under a 9019 analysis as to whether or not the settlement component of this was properly done. Thank you very much, Your Honor. Thanks to all counsel in this case. Your arguments are helpful. The case just argued is submitted.
judges: Fisher, M. Smith, Nguyen